```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA
GERALD ARDOIN                                      CIVIL ACTION

VERSUS                                             NO: 07-3210

NORTHSTAR INTERESTS, LC ET AL                      SECTION: J(5)
```

### ORDER & REASONS

Before the Court is Defendant Northstar Interests, LLC's ("Northstar") motion for partial summary judgment on its cross-claim for indemnification against intervenor Energy Production Fabricators, L.L.C. ("EPF") (Rec. Doc. 81). In connection with this motion for partial summary judgment, the parties filed an unopposed motion for entry of final judgment under Rule 54(b), which the Court granted on October 7, 2008 (Rec. Doc. 87).

### PROCEDURAL HISTORY AND BACKGROUND FACTS

Plaintiff was employed as a sandblaster/painter by Energy Production Fabricators, L.L.C. EPF. EPF was providing painting/blasting services to Northstar. On June 12, 2006, plaintiff was allegedly injured while in a spider basket on the jump stand of the M/V Grady G, owned by Barry Graham Oil Service, L.L.C. ("Barry Graham"). The M/V GRADY G was tied to the V 161 platform which was owned by Northstar. The EPF crew was loading the spider basket from the vessel onto the platform.

Plaintiff filed suit on June 11, 2007, naming Northstar and Barry Graham as Defendants and claiming that he received serious, painful, and permanent disabling injuries as a result of the accident. EPF and EPF's insurer, American Home Assurance Company

("American Home"), intervened in the suit on August 30, 2007, asserting an interest in the outcome of the litigation due to the extent of the compensation benefits and medical expenses paid and to be paid to or on behalf of Plaintiff under the Longshoremen and Harbor Workers' Compensation Act ("LHWCA").

On May 22, 2008, Northstar filed a motion for summary judgment seeking dismissal of Plaintiff's claims.  Barry Graham also filed a motion for partial summary judgment of Plaintiff's claims on May 27, 2008.  In addition, Northstar and Barry Graham filed a motion for summary judgment of EPF's intervention on May 27, 2008.  Finally, Northstar and Barry Graham filed cross-claims against EPF on May 28, 2008, denying liability on Plaintiff's main claim but seeking indemnification from EPF for any possible liability they might have to Plaintiff.

On June 18, 2008, this Court granted Northstar's motion for summary judgment, dismissing Plaintiff's claims against Northstar, based on Plaintiff's failure to file an opposition as well as the underlying merits of the case (Rec. Doc. 67). However, this Court denied Barry Graham's motion for summary judgment on Plaintiff's claims.  Additionally, this Court denied Barry Graham's motion for summary judgment dismissing EPF's intervention claims, but granted Northstar's motion for summary judgment on EPF's intervention.

**THE PARTIES ARGUMENTS**

A.   **Northstar's Motion for Partial Summary Judgment**

Northstar seeks summary judgment on its claim for recovery of defense costs from EPF incurred in defending the claims of Plaintiff. The Master Service Agreement ("MSA") entered into by Northstar and EPF provides an indemnity provision[1] in favor of Northstar. Accordingly, Northstar argues that this indemnity provision requires EPF to reimburse Northstar's costs in procuring a summary judgment of Plaintiff's claims.

In connection with its motion for partial summary judgment,

---

[1] The MSA defines EPF as "Contractor" for purposes of the agreement and includes an indemnity clause which provides in pertinent part:

> Contractor agrees to defend, protect, indemnify and hold Community Group [which includes Northstar] harmless from and against any and all losses, claims, demands, liabilities or causes of action of every kind and character, including but not limited to attorney's fees and all other costs and expenses (without limit and regard to the cause or causes thereof), in favor of any person or party, for injury to or illness or death of any employee of Contractor or any employee of subcontractor or Contractor Group, which injury, illness or death arises out of or is incident to the work performed under this Agreement, and regardless of the cause of such injury, illness, or death, even though caused in whole or in part by a pre-existing defect, indemnitees' negligence or strict liability, or other legal fault of indemnitees, Contractor shall fully defend any such claim, demand or suit at its sole expense, even if same is groundless.

Northstar Memo Supp. Summ. J., Ex. 1 § 4.2.

Northstar submits a statement of three uncontested material facts, none of which is disputed by EPF: 1) Plaintiff was an employee of EPF at the time of his injuries; 2) the MSA at issue was in effect between Northstar and EPF at the time of the accident; and 3) Northstar has been found free from fault as a result of this Court's order of June 17, 2008 granting summary judgment in its favor.

EPF's opposition focuses mainly on the argument that this Court's grant of summary judgment to Northstar on Ardoin's claims was not a final judgment at the time Northstar filed the present motion for partial summary judgment on the issue of attorneys' fees.  However, now that the Court has issued an order rendering Northstar's summary judgment against Ardoin final under Rule 54(b), EPF's argument to that effect is now moot.

As a result, EPF's remaining argument is that material issues of fact preclude summary judgment, since Northstar has not presented any evidence of actual costs paid in defending against Plaintiff's claims.  In addition, EPF argues that Northstar is only entitled to defense costs from the time it made written demand on June 25, 2007, and can only receive defense costs to the extent costs were incurred in defending against Ardoin's claims.  As such, EPF argues that Northstar cannot claim defense costs arising out of the litigation seeking to enforce the indemnity agreement against EPF.

**DISCUSSION**

**A.    Summary Judgment Standard**

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  If that burden is met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588 (1986).

**B.    Indemnity Agreements and the Louisiana Oilfield Indemnity Act ("LOAIA")**

The LOAIA prohibits indemnity, even in the face of a contract for indemnity, where there is "negligence or fault (strict liability) on the part of the indemnitee."  La. Rev. Stat. Ann. §9:2780 (2008).  As a result of the LOAIA, any provision in an agreement that requires indemnification where there is any negligence or fault by the indemnitee is completely null.  Meloy v. Conoco, Inc., 504 So. 2d 833, 839 (La. 1987); Am. Home Assur. Co. v. Chevron, USA, Inc., 400 F.3d 265, 268-69 (5th Cir. 2005).  However, the LOAIA "does not apply where the indemnitee is not negligent or at fault."  Id. at 839.  As such, "[i]f it is established at trial that there is no 'negligence or

fault (strict liability) on the part of the indemnitee,' the [LOAIA] does not prohibit indemnification cost of defense." Id. While the Louisiana Supreme Court's ruling in Meloy refers expressly to a finding of freedom from indemnitee fault "after trial on the merits," the rule in Meloy also applies to a finding of freedom from fault based on summary judgment.  See Lyons v. Pool Co. of Texas, 781 So.2d 569, 573 (La. App. 4 Cir., 2000). Thus generally speaking, "the indemnitor's obligation for cost of defense cannot be determined until there has been a judicial finding that the indemnitee is liable or that the charges against it were baseless." Meloy, 504 So. 2d at 839.

    **C.    The Instant Case**

Based on the Louisiana Supreme Court's decision in Meloy, this Court's grant of summary judgment on Ardoin's claims against Northstar, which was rendered final on October 7, 2008, constitutes a "judicial finding" that Ardoin's claims against Northstar were baseless and that Northstar was free from fault in the accident.  As such, the indemnity provision in the MSA requiring EPF to indemnify and defend Northstar, including attorney's fees and all other costs and expenses, is effective under Meloy because the LOAIA does not apply.  Therefore, EPF is responsible for Northstar's defense costs from the June 25, 2007 date of demand for indemnification by Northstar.

The June 25, 2007 date, and not the June 11, 2007 filing

6

date of Ardoin's suit, is the proper date from which Northstar's fee indemnification should be calculated based on the indemnity provisions of the MSA.  Specifically, the MSA provides in the indemnity section that  "[e]ach party shall notify the other part immediately of any claim, demand, or suit that may be presented to or served upon it by any party arising out of or as a result of work performed" under the contract.  Northstar Memo Supp. Summ. J., Ex. 1 § 4.3. As such, the date of demand is the appropriate date from which to calculate fees under the indemnity agreement.

Furthermore, although the indemnification provision of the MSA  does not include a reasonableness requirement, " [w]here attorney's fees are due, the amount awarded must be reasonable and is left to the sound discretion of the district court." Blanks v. Murco Drilling Corp., 766 F.2d 891, 898 (5th Cir. 1985) (holding in the context of an indemnity agreement); Brown v. Sea Mar Management, LLC, 2006 WL 3328194, *2 (W.D. La. 2006) ("Under Louisiana law, awards of attorney fees permitted pursuant to contractual provisions are subject to review and control by the courts.").  Also, Northstar is only entitled to fees incurred in defending against and obtaining summary judgment of Ardoin's claims.  Northstar is not entitled to fees incurred in pursuit of its attorneys' fees under the indemnity agreement.  See Weathersby v. Conoco Oil Co., 752 F.2d 953, 959 (5th Cir. 1984)

7

("Fees for work associated with the pursuit of [a] contractual indemnity claim are not recoverable. '[U]nder a general indemnity agreement . . ., the indemnitee enjoys no right to recover its legal fees incurred in establishing its right to indemnification.' (Citations omitted)).

Finally, to the extent that EPF bases its opposition to this motion on the fact that Northstar has not presented any evidence of the specific attorneys' fees incurred in defending against Ardoin's claims, this issue does not affect the resolution of EPF's liability for fees under the MSA. Rather, any questions regarding the amount of the fees can be resolved separate from the issue of liability for those fees. Accordingly,

**IT IS ORDERED** that Northstar's Motion for Summary Judgment on its cross claim against EPF for attorneys fees is hereby **GRANTED**. To the extent that the parties may disagree on the amount of fees claimed by Northstar, the parties are encouraged to come to an amicable resolution, or to litigate that issue further.

New Orleans, Louisiana, this 3rd day of November, 2008.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE